IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| VS. | § | NO. 3-10-CR-0029-B |
| | § | NO. 3-11-CV-3462-B-BD |
| ROBERT ROYCE JENSEN, JR. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Robert Royce Jensen, Jr., a federal prisoner, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be denied.

I.

Defendant pled guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). Punishment was assessed at 170 months confinement followed by a five-year term of supervised release. A *pro se* notice of appeal was dismissed for want of prosecution. *See United States v. Jensen*, No. 11-10224 (5th Cir. Jun. 10, 2011). Defendant now seeks post-conviction relief under 28 U.S.C. § 2255.

II.

In his sole ground for relief, defendant contends that he received ineffective assistance of counsel because his attorney did not throughly research and effectively argue for a sentence below the guideline range.

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). In order to obtain post-conviction relief due to ineffective assistance of counsel during the punishment phase of a non-capital case, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that counsel's performance fell below an objective standard of reasonable professional service. *Id.*, 104 S.Ct. at 2064-65. Second, the defendant must establish prejudice -- that he was subjected to increased jail time due to the deficient performance of his attorney. *See United States v. Grammas*, 376 F.3d 433, 439 (5th Cir. 2004), *citing Glover v. United States*, 531 U.S. 198, 203, 121 S.Ct. 696, 700, 148 L.Ed.2d 604 (2001). The two prongs of the *Strickland* test need not be analyzed in any particular order. *See United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). If a defendant fails to satisfy either prong, his claim of ineffective assistance of counsel must fail. *Id.*

B.

Defendant was charged in a one-count information with knowingly receiving child pornography that had been shipped, mailed, or transported in interstate commerce by any means, including by computer. As part of the plea agreement, defendant admitted that he knowingly possessed media containing over 600 images of minors, including prepubescent children under the age of 12, engaged in sexually explicit conduct, and that the media and images had traveled in interstate commerce. (*See* Gov't Resp. App., Exh. 2 at 3-4). An examination of defendant's computer revealed more than 782 still images and 51 videos containing child pornography, including images of prepubescent children and depictions of sadistic and masochistic sexual acts on children

under the age of five. (*Id.*, Exh. 3 at 5, ¶ 19). Under the Sentencing Guidelines, the base offense level for most offenses involving the sexual exploitation of a minor is 22. *See* U.S.S.G. § 2G2.2(a)(2). Because of the specific characteristics of the instant offense, the probation officer recommended an 18-point enhancement of the base offense level. (*See* Gov't Resp. App., Exh. 3 at 9-10, ¶¶ 40-44).[1] The probation officer also recommended a three-level reduction for acceptance of responsibility. (*See id.*, Exh. 3 at 10, ¶ 48). If the court followed those recommendations, it would have resulted in a total offense level of 37 and a punishment range of 210 to 240 months confinement. (*See id.*, Exh. 3 at 22, ¶ 99).

Defendant, though his attorney, objected to three paragraphs of the Presentence Investigation Report ("PSI"). At the sentencing hearing, the court sustained one objection, finding that defendant's use of LimeWire software did not justify a five-level enhancement for distribution of images for the receipt, or expectation of receipt, of a thing of value under U.S.S.G. § 2G2.2(b)(3)(B). Instead, defendant received a two-level enhancement under the catch-all provision of U.S.S.G. § 2G.2.2(b)(3)(F). (*See id.*, Exh. 4 at 18-25). That lowered the total offense level to 34, resulting in a punishment range of 151-188 months confinement. (*Id.*, Exh. 4 at 90). The court then heard

---

[1] U.S.S.G. § 2G2.2 provides for:

> (1) a two-level increase if the material depicts a prepubescent minor or a child under 12 years of age, *see id.* § 2G2.2(b)(2);
>
> (2) a five-level increase for the distribution for the receipt, or expectation of receipt, of a thing of value, *see id.* § 2G2.2(b)(3)(B);
>
> (3) a four-level increase if the material portrays sadistic or masochistic conduct or other depictions of violence, *see id.* § 2G2.2(b)(4);
>
> (4) a two-level increase if a computer was used to receive or distribute the material, *see id.* § 2G2.2(b)(6); and
>
> (5) a five-level increase if the offense involved 600 or more images, *see id.* § 2G2.2(b)(7)(D).

testimony from Dr. Franklin D. Lewis, a psychologist specializing in sex offender treatment, (*see id.*, Exh. 4 at 26-45), and argument by defense counsel, who asked for a downward departure based upon defendant's rehabilitative efforts since his arrest, family circumstances, and poor health. (*See id.*, Exh. 4 at 77-82). The government countered with the testimony of FBI Special Agent Karla Brainard, who provided details of her investigation. (*See id.*, Exh. 4 at 52-76). After considering this evidence and the argument of counsel, the court sentenced defendant to 170 months confinement. (*Id.* at 91-93).

C.

Defendant now faults his attorney for not alerting the court to the history and controversy surrounding the application of U.S.S.G. § 2G2.2. According to defendant, many district judges have found the Sentencing Guidelines in child pornography cases to be unduly harsh and rejected them for policy reasons. Had defense counsel made such an argument in this case, defendant believes there is a "high probability" that this sentence would have been lower.

The record shows that the court considered the relevant sentencing factors, as set forth in 18 U.S.C. § 3553(a), in determining whether to depart from the guideline range.[2] Before assessing punishment, the court explained:

> [G]iven all the facts surrounding this, there is nothing mitigating that I find that I could rely upon to find that I should go below, and there is nothing aggravating necessarily that isn't already taken into consideration by the very guideline range that's been calculated that should cause me to think it should go up. So I think it should stay between 151 and 188 months. My view is that, when I decide where within that range[,] I'm going to consider all those factors in 3553, I may not say each one expressly, but I am explicitly telling you I am considering each factor. And that is considering the crime, the nature

---

[2] Although the Sentencing Guidelines are not mandatory, they must be considered by the court during sentencing. *See* 18 U.S.C. § 3553(a)(4); *Kimbrough v. United States*, 552 U.S. 85, 90-91, 128 S.Ct. 558, 564, 169 L.Ed.2d 481 (2007).

> and circumstances; we want it to be a deterrent; promote respect for the law and all of those things of that nature in the statute.

(*See id.* at 91-92). Although defendant believes that the sentencing judge might have been swayed by written or oral argument challenging the guideline range in child pornography cases on public policy grounds, the court is unaware of any case finding counsel ineffective for failing to make such an argument. To the contrary, the clear weight of authority holds otherwise. *See, e.g., Whitley v. United States*, No. 7-09-CV-144-FL, 2011 WL 2036704 at *5 (E.D.N.C. May 24, 2011) (counsel not ineffective for failing to argue disparity between guideline range for crack and powder cocaine offenses); *McKee v. United States*, No. WDQ-09-3148, 2010 WL 1664081 at *2 (D. Md. Apr. 21, 2010) ("[T]he Court will not criticize counsel's reasonable tactical decision not to attack the child pornography Guidelines."); *United States v. Johnson*, 765 F.Supp.2d 779, 782 (E.D. Tex. Apr. 13, 2010) ("Gratuitous attacks on the Guidelines or Congress by a defendant for 'policy reasons' add nothing to the analysis of a particular case, or to the law in general."); *see also United States v. Miller*, 665 F.3d 114, 120-21 (5th Cir. 2011), *pet. for cert. filed* (U.S. Mar. 12, 2012) (No. 11-9330) ("[W]e will not reject a Guidelines provision as 'unreasonable' or 'irrational' simply because it is not based on empirical data and even if it leads to some disparities in sentencing. The advisory Guidelines sentencing range remains a factor for district courts to consider in arriving upon a sentence."). Defendant has failed to show that the performance of his attorney was deficient in any way.

Nor has defendant satisfied the prejudice prong of the *Strickland* analysis. That a number of courts in other jurisdictions have refused to impose guideline sentences in child pornography cases does not suggest that *this court* would have done so. The sentencing judge was clearly aware of her authority to downwardly depart, but concluded that such a departure was not warranted in this

particular case in view of the section 3353(a) factors. (*See* Gov't Resp. App., Exh. 4 at 92). Defendant's speculative belief that the court *might* have been swayed by the history and controversy surrounding the application of U.S.S.G. § 2G2.2 does not establish prejudice. *See Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir.), *cert. denied*, 121 S.Ct. 122 (2000) (conclusory allegations insufficient to establish ineffective assistance of counsel).

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 10, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE